**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MIDTRONICS, INC. and | ) | |
| KEITH S. CHAMPLIN, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 06-CV-3917 |
| | ) | |
| v. | ) | Judge Milton I. Shadur |
| | ) | Magistrate Judge Nan R. Nolan |
| AURORA PERFORMANCE PRODUCTS | ) | |
| LLC d/b/a ARGUS ANALYZERS, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**ANSWER TO COMPLAINT**

Defendant AURORA PERFORMANCE PRODUCTS LLC d/b/a ARGUS ANALYZERS

("Argus Analyzers ") answers the Complaint by Plaintiff MIDTRONICS, INC. and KEITH S.

CHAMPLIN (collectively, "Midtronics") as follows:

**PARTIES**

1.      Plaintiff Midtronics, Inc. ("Midtronics") is an Illinois corporation having its principal place of business in Willowbrook, Illinois.

**ANSWER:** Argus Analyzers is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 1, and on that basis denies the

same.

2.      Plaintiff Keith S. Champlin is an individual residing in Minneapolis, Minnesota.

**ANSWER:** Argus Analyzers is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 2, and on that basis denies the

same.

3.      Upon information and belief, Defendant Aurora Performance Products LLC d/b/a Argus Analyzers ("Argus Analyzers") is a Rhode Island limited liability company having its principal offices in Jamestown, Rhode Island.

**ANSWER:**  Argus Analyzers admits the allegations of paragraph 3.

4.      Argus Analyzers does business or has sold its AA500P battery analyzer in this judicial district.

**ANSWER:**  Argus Analyzers admits the allegations of paragraph 4.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement that arises under the patent laws of the United States, title 35 U.S.C. §§ 1 *et seq*.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**  Argus Analyzers admits the allegations of paragraph 5.

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d) and 1400(b).

**ANSWER:**  Argus Analyzers admits the allegations of paragraph 6.

## PATENT IN SUIT

7.      On March 27, 1990, United States Patent No. 4,912,416 (the "'416 Patent") duly and legally issued to Keith S. Champlin.  The '416 Patent is entitled "ELECTRONIC BATTERY TESTING DEVICE WITH STATE-OF-CHARGE COMPENSATION."  A true and correct copy of the '416 Patent is attached hereto as Exhibit A.

**ANSWER:**  Argus Analyzers admits that United States Patent No. 4,912,416 (the '416

Patent) was issued on March 27, 1990 to Keith S. Champlin, that the '416 Patent is entitled

"ELECTRONIC BATTERY TESTING DEVICE WITH STATE-OF-CHARGE

COMPENSATION," and that a copy of the '416 Patent is attached to the Complaint as Exhibit A.

Except as so admitted, Argus Analyzers denies the remaining allegations contained in

paragraph 7.

8.      Keith S. Champlin exclusively licensed the '416 Patent to Midtronics on or about February 24, 1993, and Midtronics remains the exclusive licensee of the '416 Patent.

**ANSWER:**  Argus Analyzers is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 8, and on that basis denies the

same.

## THE ALLEGED INFRINGEMENT

9.      Upon information and belief, Argus Analyzers has manufactured, used, offered for sale, or sold in this judicial district and elsewhere in the United States, electronic battery testing devices that infringe at least claim 6 of the '416 Patent, including the AA500 and AA500P battery analyzers or other products utilizing similar technology.

**ANSWER:**  Argus Analyzers admits that it has offered for sale or sold its AA500 and AA550P battery analyzers in this judicial district and elsewhere in the United States.  Argus Analyzers denies the remaining allegations contained in paragraph 9.

10.      Argus Analyzers has had actual notice of the '416 Patent prior to the filing of this Complaint.

**ANSWER:**  Argus Analyzers admits the allegations of paragraph 10.

11.      The infringement of the '416 Patent by Argus Analyzers has injured and continues to injure and damage Midtronics and Keith S. Champlin.  The injury to Midtronics and Keith S. Champlin is irreparable and will continue unless and until Argus Analyzers is enjoined from further infringement.

**ANSWER:**  Argus Analyzers denies the allegations of paragraph 11.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

12.      Some or all of Midtronics' claims for damages are barred because Midtronics failed to mark or give notice of infringement as required by 35 U.S.C. §287(a).

### Second Affirmative Defense

13.      Midtronics is estopped under the doctrine of prosecution history estoppel from claiming that the asserted claims of the '416 Patent should be interpreted as covering any system or product made, used, imported, sold or offered for sale by Argus Analyzers.

## COUNTERCLAIMS

14.      Argus Analyzers repeats and realleges the allegations of paragraphs 1-13 in this pleading as if fully set forth herein.

15. This is a claim for declaratory judgment arising under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*

16. The Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. §2201, and Fed. R. Civ. P. 57, because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Midtronics and Argus Analyzers concerning Midtronics' allegations that Argus Analyzers infringes claims of the '416 Patent.

17. This Court has personal jurisdiction over Midtronics.

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

19. Venue for this counterclaim is proper in this judicial district pursuant to 28 U.S.C. §1391 and 1400(b).

20. Midtronics (collectively, Champlin and Midtronics, Inc.) has alleged that it has the right to pursue enforcement of the '416 Patent.

21. Midtronics initiated the instant patent infringement lawsuit against Argus Analyzers on July 20, 2006.

## COUNT I

### (For Declaratory Judgment of Non-Infringement)

22. Argus Analyzers repeats and realleges the allegations of paragraphs 1-21 in this pleading as if fully set forth herein.

23. Argus Analyzers is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any claim of the '416 Patent.

24.     To resolve the legal and factual questions raised by Midtronics, and to afford relief from the uncertainty and controversy that Midtronics' accusations have precipitated, Argus Analyzers is entitled to a declaratory judgment that it does not infringe any claim of the '416 Patent.

## COUNT II

### (For Declaratory Judgment of Invalidity)

25.     Argus Analyzers repeats and realleges the allegations of paragraphs 1-24 in this pleading as if fully set forth herein.

26.     On information and belief, one or more of the claims of the '416 Patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

27.     To resolve the legal and factual questions raised by Midtronics, and to afford relief from the uncertainty and controversy that Midtronics' accusations have precipitated, Argus Analyzers is entitled to a declaratory judgment that one or more of the claims of the '416 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Argus Analyzers prays for the following relief:

1.     A declaration that Argus Analyzers, their successors and assigns or customers do not infringe any claim of the '416 Patent;

2.     A declaration that claims of the '416 Patent are invalid or unenforceable;

3.     Dismissal of all of Midtronics' claims in their entirety with prejudice against Midtronics, its successors and assigns;

4.     A declaration that Midtronics take nothing by way of its Complaint;

5.     An order awarding Argus Analyzers its costs pursuant to 35 U.S.C. § 284;

6.      An order finding that this is an exceptional case and awarding Argus Analyzers its reasonable attorney fees pursuant to 35 U.S.C. § 285; and

7.      An order awarding such additional relief as the Court may deem appropriate and just under the circumstances.

## <u>ARGUS ANALYZERS' DEMAND FOR JURY TRIAL</u>

Argus Analyzers hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

AURORA PERFORMANCE PRODUCTS
LLC d/b/a ARGUS ANALYZERS

Dated:  August 21, 2006                    By: <u>s/ Margaret M. Duncan</u>
                                                    One of Its Attorneys

Margaret M. Duncan
James E. Griffith
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois  60606-5096
Telephone:  312.372.2000
Facsimile:  312.984.7700

Of Counsel:

Stephen J. Akerley
Jane H. Bu
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA 94304
Telephone: 650.813.5000
Facsimile: 650.813.5100

Michael M. de Angeli
Michael M. de Angeli, P.C.
60 Intrepid Lane
Jamestown, RI 02835
Telephone: 401.423.3190
Facsimile: 401.423.3191

Attorneys for Defendant
AURORA PERFORMANCE
PRODUCTS LLC d/b/a
ARGUS ANALYZERS

## <u>CERTIFICATE OF SERVICE</u>

I, Margaret M. Duncan, do hereby certify that on this 21st of August, 2006, I served a

copy of Defendant's Answer to Complaint via ECF notice upon:

> Donald Flayton
> Gary R. Gillen
> Robert Loren Wagner
> Wildman, Harrold, Allen & Dixon
> 225 West Wacker Drive
> Suite 3000
> Chicago, IL 60606-1229


s/ Margaret M. Duncan


CHI99 4672870-1.076693.0011