IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIDTRONICS, INC. and KEITH S. CHAMPLIN,<br><br>        Plaintiffs,<br><br>v.<br><br>AURORA PERFORMANCE PRODUCTS LLC d/b/a ARGUS ANALYZERS and BPPOWER, INC.,<br><br>        Defendants. | No. 06CV3917<br><br>Judge Shadur<br>Magistrate Judge Nolan |

## BPPOWER, INC.'S ANSWER TO AMENDED COMPLAINT

Defendant BPPOWER, INC. ("BPPower ") answers the Amended Complaint by Plaintiff MIDTRONICS, INC. and KEITH S. CHAMPLIN (collectively, "Midtronics") as follows:

### PARTIES

1.    Plaintiff Midtronics, Inc. ("Midtronics") is an Illinois corporation having its principal place of business in Willowbrook, Illinois.

**ANSWER:** BPPower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.    Plaintiff Keith S. Champlin is an individual residing in Minneapolis, Minnesota.

**ANSWER:** BPPower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.    Upon information and belief, Defendant Aurora Performance Products LLC d/b/a Argus Analyzers ("Argus Analyzers") is a Rhode Island limited liability company having its principal offices in Jamestown, Rhode Island.

**ANSWER:** BPPower admits the allegations of paragraph 3.

4. Argus Analyzers does business or has sold its AA500P battery analyzer in this judicial district.

**ANSWER:** BPPower admits the allegations of paragraph 4.

5. Upon information and belief, Defendant BPPower Inc. ("BPPower") is Taiwanese corporation having its principal offices at 7F, No. 2, Lane 270, Sec. 3, Pei-Sheng Rd., Sheng Keng, Taipei Tsien, Taiwan.

**ANSWER:** BPPower admits the allegations of paragraph 5.

6. Upon information and belief, BPPower manufactures the Argus Analyzers AA500 and AA500P battery analyzers and sold these devices to Argus Analyzers in the United States with the understanding that these devices would be resold to customers in the United States.

**ANSWER:** BPPower admits that BPPower manufactures the Argus Analyzers AA500 and AA500P battery analyzers and sold these devices to Argus Analyzers in the United States. However, BPPower does not have the knowledge of the sales details. BPPower denies the remaining allegations contained in paragraph 6.

## JURISDICTION AND VENUE

7. This is an action for patent infringement that arises under the patent laws of the United States, title 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** BPPower admits the allegations of paragraph 7.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d) and 1400(b).

**ANSWER:** BPPower admits the allegations of paragraph 8.

## PATENT IN SUIT

9. On March 27, 1990, United States Patent No. 4,912,416 (the "'416 Patent") duly and legally issued to Keith S. Champlin. The '416 Patent is entitled "ELECTRONIC BATTERY

TESTING DEVICE WITH STATE-OF-CHARGE COMPENSATION." A true and correct copy of the '416 Patent is attached hereto as Exhibit A.

**ANSWER:** BPPower admits the allegations of paragraph 9.

10. Keith S. Champlin exclusively licensed the '416 Patent to Midtronics on or about February 24, 1993, and Midtronics remains the exclusive licensee of the '416 Patent.

**ANSWER:** BPPower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. On October 13, 1998, United States Patent No. 5,821,756 ("the '756 Patent") duly and legally issued to Stephen J. McShane, Kevin I. Bertness, and Keith S. Champlin. The '756 Patent is entitled "ELECTRONIC BATTERY TESTER WITH TAILORED COMPENSATION FOR LOW STATE-OF CHARGE." A copy of the '756 Patent is attached hereto as Exhibit B.

**ANSWER:** BPPower admits the allegations of paragraph 11.

12. The '756 Patent is assigned to Midtronics.

**ANSWER:** BPPower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

## COUNT I—PATENT INFRINGEMENT OF THE UNITED STATES PATENT NUMBER 4,912,416

13. Plaintiffs incorporate the allegations contained in paragraphs 1-12 as if fully restated herein.

**ANSWER:** BPPower incorporates the answers for paragraphs 1-12 as if fully restated herein.

14. Upon information and belief, Argus Analyzers has manufactured, used, offered for sale, or sold in this judicial district and elsewhere in the United States, electronic battery testing devices that infringe at least claim 6 of the '416 Patent, including the AA500 and AA500P battery analyzers or other products utilizing similar technology.

**ANSWER:** BPPower admits that Argus Analyzers has offered for sale or sold its AA500 and AA550P battery analyzers in this judicial district and elsewhere in the United States. BPPower denies the remaining allegations contained in paragraph 14.

15. Upon information and belief, BPPower manufactured or sold to Argus Analyzers electronic battery testing devices that infringe at least claim 6 of the '416 Patent, including the AA500 and AA500P battery analyzers or other products utilizing similar technology, knowing and intending that Argus Analyzers would sell such devices to customers in this judicial district and throughout the United States.

**ANSWER:** BPPower admits that BPPower manufactured or sold to Argus Analyzers the AA500 and AA500P battery analyzers. BPPower denies the remaining allegations contained in paragraph 15.

16. Argus Analyzers and BP Power had actual notice of the '416 Patent prior to the filing of this Complaint.

**ANSWER:** BPPower admits that Argus Analyzers and BPPower had actual notice of the '416 Patent prior to the filing of this Complaint.

17. The infringement of the '416 Patent by Argus Analyzers has injured and continues to injure and damage Midtronics and Keith S. Champlin. The injury to Midtronics and Keith S. Champlin is irreparable and will continue unless and until Argus Analyzers and BPPower are enjoined from further infringement.

**ANSWER:** BPPower denies the allegations of paragraph 17.

### COUNT II—PATENT INFRINGEMENT OF THE UNITED STATES PATENT NUMBER 5,821,756

18. Plaintiffs incorporate the allegations contained in paragraphs 1-12 as if fully restated herein.

**ANSWER:** BPPower incorporates the answers for paragraphs 1-12 as if fully restated herein.

-5-

19.     Upon information and belief, Argus Analyzers has manufactured, used, offered for sale, or sold in this judicial district and elsewhere in the United States, electronic battery testing devices that infringe at least claim 1 of the '756 Patent, including the AA500 and AA500P battery analyzers or other products utilizing similar technology.

**ANSWER:** BPPower admits that Argus Analyzers has offered for sale or sold its AA500 and AA550P battery analyzers in this judicial district and elsewhere in the United States. BPPower denies the remaining allegations contained in paragraph 19.

20.     Upon information and belief, BPPower manufactured or sold to Argus Analyzers electronic battery testing devices that infringe at least claim 1 of the '756 Patent, including the AA500 and AA500P battery analyzers or other products utilizing similar technology, knowing and intending that Argus Analyzers would sell such devices to customers in this judicial district and throughout the United States.

**ANSWER:** BPPower admits that BPPower manufactured or sold to Argus Analyzers the AA500 and AA500P battery analyzers. BPPower denies the remaining allegations contained in paragraph 20.

21.     The infringement of the '756 Patent by Argus Analyzers and BPPower has injured and continues to injure and damages Midtronics. The injury to Midtronics is irreparable and will continue unless and until Argus Analyzers and BPPower are enjoined from further infringement.

**ANSWER:** BPPower denies the allegations of paragraph 21.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

22.     Midtronics is estopped under the doctrine of prosecution history estoppel from claiming that the asserted claims of the '416 and '756 Patents should be interpreted as covering any system or product made, used, imported, sold or offered for sale by Argus Analyzers.

## COUNTERCLAIMS

23. BPPower repeats and realleges the allegations of paragraphs 1-22 in this pleading as if fully set forth herein.

24. This is a claim for declaratory judgment arising under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*

25. The Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. §2201, and Fed. R. Civ. P. 57, because an actual and justifiable controversy exists concerning the rights of, and legal relations between, Midtronics and BPPower concerning Midtronics' allegations that BPPower infringes claims of the '416 and '756 Patents.

26. This Court has personal jurisdiction over Midtronics.

27. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

28. Venue for this counterclaim is proper in this judicial district pursuant to 28 U.S.C. §1391 and 1400(b).

29. Midtronics (collectively, Champlin and Midtronics, Inc.) has alleged that it has the right to pursue enforcement of the '416 and '756 Patents.

30. Midtronics initiated the instant patent infringement lawsuit against BPPower on September 7, 2006.

## COUNT I

### (For Declaratory Judgment of Non-Infringement)

31. BPPower repeats and realleges the allegations of paragraphs 1-30 in this pleading as if fully set forth herein.

32. BPPower is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any claim of the '416 and '756 Patents.

33. To resolve the legal and factual questions raised by Midtronics, and to afford relief from the uncertainty and controversy that Midtronics' accusations have precipitated, BPPower is entitled to a declaratory judgment that it does not infringe any claim of the '416 and '756 Patents.

## COUNT II

### (For Declaratory Judgment of Invalidity)

34. BPPower repeats and realleges the allegations of paragraphs 1-33 in this pleading as if fully set forth herein.

35. On information and belief, one or more of the claims of the '416 and '756 Patents are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

36. To resolve the legal and factual questions raised by Midtronics, and to afford relief from the uncertainty and controversy that Midtronics' accusations have precipitated, BPPower is entitled to a declaratory judgment that one or more of the claims of the '416 and '756 Patents are invalid.

## PRAYER FOR RELIEF

WHEREFORE, BPPower prays for the following relief:

1. A declaration that BPPower, their successors and assigns or customers do not infringe any claim of the '416 and '756 Patents;

2. A declaration that claims of the '416 and '756 Patents are invalid or unenforceable;

3. Dismissal of all of Midtronics' claims in their entirety with prejudice against Midtronics, its successors and assigns;

4. A declaration that Midtronics take nothing by way of its Complaint;

5. An order awarding BPPower its costs pursuant to 35 U.S.C. § 284;

-8-

6.    An order finding that this is an exceptional case and awarding BPPower its reasonable attorney fees pursuant to 35 U.S.C. § 285; and

7.    An order awarding such additional relief as the Court may deem appropriate and just under the circumstances.

Dated: January 23, 2007                              Respectfully submitted,

By: _____
Stephen J. Akerley (Pro Hac Vice)
Jane H. Bu (Pro Hac Vice)
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA 94304
Telephone: 650.813.5000
Facsimile: 650.813.5100

Margaret M. Duncan
James Griffith
McDermott Will & Emery LLP
227 West Monroe St., Suite 4400
Chicago, IL 60605-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

Michael M. de Angeli (Pro Hac Vice)
Michael M. de Angeli, P.C.
60 Intrepid Lane
Jamestown, RI 02835
Telephone: 401.423.3190
Facsimile: 401.423.3191

*Attorneys for Defendants*

AURORA PERFORMANCE
PRODUCTS LLC d/b/a ARGUS
ANALYZERS and BPPOWER, INC.

-9-

## DEMAND FOR JURY TRIAL

BPPower hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

BPPOWER, INC.

Dated: January 23, 2007        By: _____
                                    One of Its Attorneys

Stephen J. Akerley
Jane H. Bu
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA 94304
Telephone: 650.813.5000
Facsimile: 650.813.5100

Margaret M. Duncan
James E. Griffith
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

Michael M. de Angeli
Michael M. de Angeli, P.C.
60 Intrepid Lane
Jamestown, RI 02835
Telephone: 401.423.3190
Facsimile: 401.423.3191

Attorneys for Defendants
AURORA PERFORMANCE
PRODUCTS LLC d/b/a
ARGUS ANALYZERS and
BPPOWER, INC.

MPK 120444-1.076693.0011

## CERTIFICATE OF SERVICE

I, Aimee Leonetti, do hereby certify that on this 23rd of January, 2007, I served a copy of BPPOWER, INC.'S ANSWER TO AMENDED COMPLAINT by electronic means upon:

> Donald Flayton
> Gary R. Gillen
> Robert Loren Wagner
> **Wildman, Harrold, Allen & Dixon**
> 225 West Wacker Drive, Suite 3000
> Chicago, IL 60606-1229
> flayton@wildmanharrold.com
> gillen@wildmanharrold.com
> wagner@wildmanharrold.com

_____
Aimee Leonetti