```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

MIDTRONICS, INC., et al.,        )
                                 )
              Plaintiffs,        )
                                 )
    v.                           )    No.  06 C 3917
                                 )
AURORA PERFORMANCE PRODUCTS LLC, )
etc., et al.,                    )
                                 )
              Defendants.        )
```

<u>MEMORANDUM ORDER</u>

Midtronics, Inc. and Keith Champlin (collectively for convenience "Midtronics," treated after this sentence as a singular noun) have answered the Second Amended Counterclaims filed by defendants Aurora Performance Products LLC d/b/a Argus Analyzers ("Argus") and BPPower, Inc. ("BP"). This memorandum order is issued sua sponte to address a problem shared by those Answers.

In each instance the Counterclaims are, as usual, part of the same pleading in which the respective defendants answer Midtronics' Amended Complaint ("AC"). And in each instance the Counterclaims begin with a Paragraph 23 under which Argus or BP "repeats and realleges the allegations of paragraphs 1-22 in this pleading as if fully set forth herein." That obviously is a restatement of the Argus and BP assertions earlier in the pleading, and <u>not</u> of Midtronics' AC allegations to which the Answers have responded.

Yet Midtronics' Answers to paragraph 23 of the Counterclaims

begins in this fashion:

> The Allegations contained in paragraphs 1-21 contain Midtronics' allegations against Argus Analyzers [Argus or BP, as the case may be].  These allegations, therefore, should require no response by Midtronics.  However, to the extent that Argus Analyzers [Argus or BP, as the case may be] is repleading Midtronics' allegations as its own, these allegations should be deemed admitted by Argus Analyzers [Argus or BP, as the case may be] and would justify judgment for Midtronics on the pleadings.

That is of course nonsense, and Midtronics' counsel has to know it.  Indeed, Midtronics' counsel has really reconfirmed that by recognizing in the selfsame paragraph of Midtronics' Answer that Paragraph 22 in the Argus-BP responses (also incorporated by reference into Paragraph 23) contain _their_ affirmative defenses.

Accordingly the above-quoted language from Midtronics' Counterclaims responses are stricken as sham.  If Midtronics' counsel wishes to fill the void thus created, he must tender a proposed revision promptly.

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date:  February 13, 2007