IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

MIDTRONICS, INC., et al.,            )
                                     )
                Plaintiffs,          )
                                     )
    v.                               )    No. 06 C 3917
                                     )
AURORA PERFORMANCE PRODUCTS LLC,     )
etc., et al.,                        )
                                     )
                Defendants.          )

                     MEMORANDUM ORDER

     This Court has little patience--and with good reason--with counsel who appear to use the delays that unfortunately inhere in the litigation process as a weapon to win on non-merits-related grounds.  Just so here, where the most recent motion in limine filed by plaintiff Midtronics, Inc. ("Midtronics"), at its supporting Mem. 2, quotes from the bald-faced statement by defense counsel during the course of the May 20, 2010 deposition of coinventor Stephen McShane (Dep. 91-92)--a statement that referred specifically to the time that would be required to get the case resolved and the stated likelihood that the patent in suit would have run out by that time, concluding "So why are we still here?"

     As sheer chance would have it, just under a week ago this Court had occasion to reject a comparable effort--in another patent case of like vintage (also a 2006 filing)--to flout the basic concept of a close-of-discovery order (see the October 7 memorandum order in Meyer Intellectual Properties, Ltd. v. Bodum,

Inc., No. 06 C 6329). Although the present action involves a somewhat different tactic by the asserted infringer, the principle is the same: This Court will not permit such a defendant, months after the close of discovery and following submission of the jointly-prepared final pretrial order ("FPTO"), to invoke the 90-days-before-trial provision of Fed. R. Civ. P. ("Rule") 26(a)(2)(C)(i).[1]

This Court's practice, unlike that of many of its colleagues, it to set an FPTO submission date at the time that the parties report, at a status hearing previously set to coincide with the announced close of discovery, that they have in fact completed all discovery. It then conducts a pretrial conference to discuss the tendered FPTO (which discussion may include setting a schedule in connection with motions in limine that have been foreshadowed in the FPTO), after which the case is set for trial.

That sequence is not intended, as defendants would have it, to create an opportunity for the parties to supplement opinion-witness testimony that has been embodied in a studied opinion-witness report in advance of the close-of-discovery date, or to introduce new exhibits that were not designated before the close

---

[1] Under the proposed amendments to Rule 26 that are to take effect December 1, 2010 unless Congress takes action to prevent the changes, that provision will become Rule 26(a)(2)(D)(1). This memorandum order will retain the current designation.

of discovery. Instead, under this Court's practice the FPTO date marks the time when the case is considered to b e "ready for trial" for purposes of Rule 26(a)(2)(C)(i).

If defense counsel's approach here were to prevail, it would pose a variant on a couple of Zeno's Paradoxes as commented on by Aristotle--essentially a notion that because an arrow can only go halfway to the target before it reaches that goal, an infinite number of those halfway steps can never arrive at the target. After all, each new submission that would be allowed to be shoehorned into the case would necessarily put off the trial to permit the parties to complete their arguments (and perhaps even engage in some new discovery) and to enable this Court to resolve their differences. And that would in turn create a new 90-day window under defendants' proposed reading of Rule 26(a)(2)(C)(i), which focuses on that rule's alternative reference to "at least 90 days before the date set for trial."

As the foregoing discussion indicates, this Court rejects that reading. Instead it considers that under this Court's pretrial procedures the Rule's reference to the date "for the case to be ready for trial" means the date of the FPTO, so that the current effort by defense counsel comes too late. Finally, it cannot fairly be said that defense counsel's attempt to inject belated submissions into the case "was substantially justified or

3

is harmless" (Rule 37(c)(1)).[2]  Midtronics' motion in limine is granted.

                                                                 _____
                                                                 Milton I. Shadur
                                                                 Senior United States District Judge

Date:  October 14, 2010

---

[2] Defendants' Mem. 4 advances the red-herring argument that "Plaintiff has shown no interest in deposing Dr. Severinsky," defendants' opinion witness whose report they seek to supplement with new material.  That position ignores the wise counsel given by Gregory Joseph, a former chair of the ABA Section on Litigation and a valued colleague of this Court throughout its tenure as a member and then Chairman of the Judicial Conference's Advisory Committee on the Rules of Evidence, in his article entitled "Expert Approaches" in the ABA magazine, 28 Litigation No. 4 at 20-25 (2002).  As that article points out, it is often far better not to take the deposition of an opponent's opinion witness if you believe you can successfully counter the opinions stated in his or her report (a report that by definition circumscribes the witness' testimony at trial), because taking the witness' deposition can make you vulnerable to modifications that can cure flaws in the report.