```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

MIDTRONICS, INC., et al.,            )
                                     )
                  Plaintiffs,        )
                                     )
     v.                              )    No.  06 C 3917
                                     )
AURORA PERFORMANCE PRODUCTS LLC,     )
etc., et al.,                        )
                                     )
                  Defendants.        )

## MEMORANDUM ORDER

This Court has received the litigants' competing submissions as to the form of the Recall Notice ("Notice") that it has ordered, the transmittal of which has been hung up by the parties' inability to reach full accord on the content of the Notice. At this point only two items separate the parties' counsel, and this memorandum order addresses them.

First, defendants (referred to here simply as "Argus," just as the parties have done) wish to disclaim any obligation to return the infringing products to customers in the event of Argus' future financial inability to pay. Counsel for Midtronics, Inc. ("Midtronics") have persuasively argued against that, and this Court agrees. No such language should be included in the Notice.

Midtronics also objects to inclusion of the language "the serial number of the product must be readable in its original form (i.e. unaltered)." Argus responds that the identical language had been included by Midtronics itself in the proposal

it had sent to Argus on October 31. But this Court's role is to settle on the most appropriate content for the Notice, not necessarily either side's proposed version.

In that respect this Court shares the view advanced by Midtronics' counsel that any Notice provision that could deter as nearly complete a recall of infringing products should be disfavored. And as for the inclusion of a product's serial number, which Argus' counsel characterizes as a "reasonable anti-fraud tracking proposal," that position tends to ignore the obvious truism that the Notice will be directed to Argus customers--a fact that minimizes the stated concern that a returned unit may not be "an authentic Argus product." Hence this Court determines that the clause requiring readability of the serial number in its original form should also be excluded from the Notice.

No further delays in transmittal of the Notice are called for. Argus is ordered to send out the Notice forms forthwith.

_____
 Milton I. Shadur
 Senior United States District Judge

Date: November 4, 2011

2